**David Lee HELMS, Jr. and Darlene R. Helms, Appellants–Plaintiffs,**

v.

**CARMEL HIGH SCHOOL VOCATIONAL BUILDING TRADES CORP., Appellee–Defendant.**

**No. 29A04–0510–CV–613.**

Court of Appeals of Indiana.

March 29, 2006.

John P. Daly, Jr., Conour Law Firm, Indianapolis, for Appellants.

Thomas J. Belcher, Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

David Lee Helms, Jr. appeals from the trial court's entry of summary judgment in favor of Carmel High School Vocational Building Trades Corporation ("Carmel") on Helms's complaint for damages. Helms presents a single dispositive issue for our review, namely, whether the trial court erred when it concluded that Carmel did not owe Helms a duty to provide him with a safe worksite.

We affirm.[1]

### FACTS AND PROCEDURAL HISTORY

On January 20, 2003, Helms, an employee of JTB Contractors, Inc., was installing flashing on a PVC pipe at a worksite in Hamilton County when he fell approximately twenty feet to the ground and sustained injuries. Carmel, the general con-

---

1. We deny Helms's request for oral argument.

tractor who hired JTB, had obtained a building permit with the Department of Community Services City of Carmel/Clay Township to construct a single family home at the site. In its application for the permit, Carmel, by its representative John Coghlan, agreed "that any construction, reconstruction, enlargement, relocation, or alteration of a structure, or any change in the use of land or structures requested by this application will comply with, and conform to, all applicable laws of the State of Indiana[.]" Appellant's App. at 88.

Helms filed a complaint against Carmel alleging that Carmel had a non-delegable duty to provide Helms with a safe work site and breached that duty. Carmel moved for summary judgment, and the trial court granted that motion following a hearing. Helms filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct. App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Jesse v. American Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct. App.2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v.*

*Gene B. Glick Co., Inc.*, 727 N.E.2d 790, 792 (Ind.Ct.App.2000).

Generally, construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 613 (Ind.Ct.App.2000), *trans. denied.* However, if the terms of a written contract are ambiguous, it is the responsibility of the trier of fact to ascertain the facts necessary to construe the contract. *Id.* Consequently, whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id.*

Helms contends that Carmel assumed a non-delegable duty to provide him with a safe work site. In particular, he maintains that when, in its application for a building permit, Carmel agreed "that any construction, reconstruction, enlargement, relocation, or alteration of a structure, or any change in the use of land or structures requested by this application will comply with, and conform to, all applicable laws of the State of Indiana," Appellant's App. at 88, Carmel agreed to comply with the Indiana Health and Safety Act ("IOSHA"). And Helms asserts that Carmel failed to comply with IOSHA when it did not provide certain safety mechanisms during his employment at the site. But we agree with the trial court that Carmel did not owe Helms any duty of care as a matter of law.

As Helms concedes, the general rule is that a principal is not liable for the negligence of an independent contractor. *Carie v. PSI Energy, Inc.*, 715 N.E.2d 853, 855 (Ind.1999). There are five exceptions

to the general rule: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Id.* Here, Helms contends that the second exception applies because Helms maintains that Carmel undertook a contractual duty to provide him with a safe work site.

In support of his contention, Helms cites to *Perryman v. Huber, Hunt & Nichols, Inc.*, 628 N.E.2d 1240 (Ind.Ct.App.1994), *trans. denied*, where this court held that a general contractor had contractually agreed to comply with all employee safety regulations and was, therefore, "potentially liable" to the plaintiff for his injuries. 628 N.E.2d at 1244. In *Perryman*, the general contractor, Huber, Hunt & Nichols, Inc. ("HHN"), entered into a construction management agreement ("CMA") whereby it agreed that it would "comply with all applicable state and federal statutes and other governmental regulations pertaining to employment, and that it will require like compliance therewith from all Trade Contractors [ ] related to the Project." *Id.* at 1244. In addition, in the CMA, HHN agreed to be responsible for: (1) maintaining a competent full-time staff at the job site to direct and monitor trade contractors' working on the project, (2) determining the adequacy of the personnel and equipment of the subcontractors, (3) pro-

viding all supervision, equipment, and work items not provided by the subcontractors, and (4) reviewing the safety programs of the subcontractors and making recommendations. *Id.*

We held:

It is clear from the express terms of the CMA, that HHN accepted a contractual duty to require [the subcontractors] to install safety nets as required by the federal OSHA regulation or to install the nets itself.[1] Because HHN assumed a contractual duty to comply with all employee safety regulations, including 29 C.F.R. § 1926.105(a), and to require [the subcontractors] to comply with such regulations, it is potentially liable to Perryman.

*Id.* (internal footnote omitted [2]).

Here, by contrast, the only evidence Helms designated in opposition to summary judgment is Carmel's building permit application, in which Carmel merely agreed to comply with "all applicable laws of the State of Indiana." Appellant's App. at 88. Carmel did not contract with its subcontractors that it would provide a safe worksite, nor did Carmel expressly agree to comply with Indiana laws *pertaining to employment.* And there is no evidence that Carmel agreed to provide a safety supervisor or to make safety inspections. Thus, the evidence in this case is starkly different from that in *Perryman*, where HHN expressly agreed to undertake a

---

**2.** That footnote reads:
> There are many other facts which support our finding that HHN assumed a contractual duty to comply with all safety regulations and to require others to do the same, including: (1) HHN employed Wooten as a full-time safety officer on the project site, (2) Wooten made daily inspections to make certain employees of all contractors were working safely and complying with safety regulations, (3) Wooten expected every contractor to follow safety regulations, (4) Wooten made certain that any unsafe condition at the project site was corrected, and (5) provisions contained in Owen's trade contract and Ben Hur's subcontract regarding HHN's supervision, control, insurance, indemnification, etc.
>
> *Perryman*, 628 N.E.2d at 1244 n. 9.

duty to provide a safe worksite, and we do not find that precedent apposite here.

We agree with the trial court that "the building permit in question did not affirmatively evince an intent by [Carmel] to assume a duty of care to [Helms]." *Id.* at 6. Thus, we also conclude that the designated evidence does not show that Carmel contracted to provide a safe worksite for Helms. Because Helms cannot show that any of the exceptions to the general rule regarding a principal's nonliability for the negligence of an independent contractor apply here, we hold that the trial court did not err when it entered summary judgment in favor of Carmel.

Moreover, our supreme court has recently held that "*in the absence of negligent selection of the contractor,* an employee of the contractor has no claim against the principal based solely on the five exceptions to the general rule of nonliability for acts of the contractor." *PSI Energy, Inc. v. Roberts,* 829 N.E.2d 943, 953 (Ind. 2005) (emphasis added). Helms asserts that the court could not have intended a broad interpretation of that holding to preclude *all* claims under the exceptions without also claiming negligent selection of the contractor. But our review of the opinion, especially Justice Dickson's dissent, reveals that the court did intend such an interpretation. Justice Dickson opines that the majority unnecessarily "discard[s]" *Bagley v. Insight Comm. Co.,* 658 N.E.2d 584 (Ind.1995), where the court had previously held that "[w]here a contractor's employer is responsible for a nondelegable duty, the contractor's injured worker should not discriminately be deprived of access to full compensatory damages but should have recourse equal to that of an injured bystander." 658 N.E.2d at 588. In short, the majority holding in *Roberts,* namely, that the five exceptions are only available to a plaintiff who alleges

negligent hiring, appears to be the current state of the law.

Here, Helms has not alleged that his injuries are the result of negligent hiring. Given the holding in *Roberts,* we conclude that Helms does not have a claim against Carmel. *See Roberts,* 829 N.E.2d at 953. The trial court did not err when it entered summary judgment in favor of Carmel.

Affirmed.

BAKER, J., and BAILEY, J., concur.