ATTORNEYS FOR APPELLANTS
William F. Conour
John P. Daly, Jr.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Thomas J. Belcher
Shannon L. Robinson
Bloomington, Indiana

# In the
# Indiana Supreme Court

No. 29S04-0609-CV-341

DAVID LEE HELMS, JR. AND
DARLENE R. HELMS,

*Appellants (Plaintiffs below),*

v.

CARMEL HIGH SCHOOL VOCATIONAL
BUILDING TRADES CORP.,

*Appellee (Defendant below).*

Appeal from the Hamilton Circuit Court, No. 29C01-0402-CT-139
The Honorable Judith S. Proffitt, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 29A04-0510-CV-613

**September 27, 2006**

**Boehm, Justice.**

David Helms, Jr., was injured while working as an employee of a subcontractor on a residential construction project. Under Bagley v. Insight Communications Co., 658 N.E.2d 584 (Ind. 1995), a principal (the general contractor) is not liable for the negligence of an independent contractor (the sub) unless one of five exceptions applies. As stated in Bagley these are

(1) where the contract requires the performance of intrinsically dangerous work;
(2) where the principal is by law or contract charged with performing the specific duty;
(3) where the act will create a nuisance;
(4) where the act to be performed will probably cause injury to others unless due precaution is taken; and

(5) where the act to be performed is illegal.

Id. at 586.

Helms sued the general contractor, alleging that the general was liable for negligence of the sub under the second exception—a contractual or legal duty imposed on the general—based on the general's undertaking in the building permit to construct the project in compliance with applicable law. The trial court granted summary judgment to the general and the Court of Appeals affirmed, holding that this exception did not apply because there was no contractual or legal duty. Helms v. Carmel High Sch. Vocational Bldg. Trades Corp., 844 N.E.2d 562 (Ind. Ct. App. 2006). For the reasons given by the Court of Appeals, we agree with that holding and therefore affirm the trial court.

We grant transfer, however, to address an alternative ground given by the Court of Appeals for affirming the trial court's grant of summary judgment to the general contractor. In PSI Energy, Inc. v. Roberts, 829 N.E.2d 943 (Ind. 2005), the plaintiff was an employee of an independent contractor used by an electric utility to deal with its facilities containing asbestos. He contended that the utility, as principal, was liable for the negligence of his employer, an independent contractor, under the first and fourth exceptions for intrinsically dangerous work and failure to take due precautions. We concluded that

> to the extent an independent contractor is employed to redress or correct a problem for the principal, even if the contractor's activity may be viewed as either intrinsically dangerous or may require precautions, employees of the contractor have no claim against the principal based solely on either acts of the contractor or the condition to be remedied, or some combination of both.

Id. at 953. This holding addressed both the first and fourth of the Bagley exceptions and disposed of the plaintiff's claim in Roberts.

As the Court of Appeals noted, however, our opinion (by this author) in Roberts went on to state that "in the absence of negligent selection of the contractor, an employee of the contractor has no claim against the principal based solely on the five exceptions to the general rule of nonliability for acts of the contractor." Id. In view of this language, the Court of Appeals reasonably concluded that Roberts ruled out a principal's liability under the second exception (contractual or legal duty) on which Helms relies. Helms, 844 N.E.2d at 566. The language from Roberts is overbroad. There is no reason why a contractual or legal obligation of the principal cannot support liability. The holding in Roberts—that the exceptions do not support liability to

2

an employee of an independent contractor—should have been, and hereby is, confined to the first and fourth exceptions at issue in that case.

As already noted, we agree with the Court of Appeals that the principal in this case had no contractual or legal obligation to Helms, and for that reason affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.