**Nathan STUMPF and Sarisa Stumpf, Appellants,**

v.

**HAGERMAN CONSTRUCTION CORPORATION and D.A. Dodd, Inc., Appellees.**

No. 02A03–0606–CV–251.

Court of Appeals of Indiana.

March 8, 2007.

Publication Ordered April 2, 2007.

W.F. Conour, John P. Daly, Jr., Conour Law Firm, LLC, Indianapolis, for Appellants.

Donald G. Orzeske, Andrew P. Berry, Goodin, Orzeske & Blackwell, P.C., Indianapolis, for Appellees.

## OPINION

MATHIAS, Judge.

Nathan and Sarisa Stumpf ("the Stumpfs") appeal from the Allen Superior Court's entry of summary judgment. On appeal, the Stumpfs raise several issues, which we consolidate and restate as:

> I. Whether the trial court erroneously granted summary judgment to Hagerman Construction Corporation ("Hagerman") and D.A. Dodd, Inc. ("Dodd"); and

> II. Whether the trial court erroneously struck the deposition of expert witness Frank Burg.[1]

Concluding that Hagerman and Dodd assumed a contractual duty of care to the Stumpfs, we affirm in part, reverse in part and remand for proceedings consistent with this opinion.

### Facts and Procedural History

On December 19, 2001, Hagerman contracted with the trustees of Purdue University to renovate Pfendler Hall on the Purdue University campus in West Lafayette. On February 28, 2002, Hagerman entered into a subcontract agreement with Dodd. Dodd then sub-contracted with Performance Contracting Incorporated ("PCI") to install pipe insulation. Nathan Stumpf ("Nathan") was an employee of

---

1. In Appellants' brief, the Stumpfs also argued that the trial court erroneously denied their motion to amend their complaint based on new precedent set by our court in *Helms v. Carmel High School Vocational Bldg.*, 844 N.E.2d 562 (Ind.Ct.App.2006). In that case, we held that an employee of an independent contractor must first allege negligent selection of the contractor before asserting a claim based on the five exceptions to the general rule of nonliability for acts of the contractor. However, this precedent was subsequently overturned by our supreme court, *see* 854 N.E.2d 345 (2006), and the Stumpfs acknowledge in their reply brief that it is now unnecessary for them to amend their complaint to include negligent hiring of an independent contractor. We therefore do not address this issue on the merits.

PCI and had worked for the company for about five months.

On December 17, 2002, Nathan and Mark Fisher ("Fisher") were installing insulation onto ductwork on the first floor of Pfendler Hall. They would pre-cut a piece of insulation blanket material on the ground and then climb a ten-foot ladder to staple the insulation around the duct. At some point during the day, Nathan fell from the ladder and struck his head and shoulder on the concrete floor, resulting in permanent brain injury. No Occupational Safety and Health Act ("OSHA") citations were issued by the State with regard to Nathan's accident.

On July 31, 2003, the Stumpfs filed a complaint against Hagerman, alleging negligence. On August 18, 2004, they filed an amended complaint, adding Dodd as a defendant. On August 15, 2005, Hagerman and Dodd filed motions for summary judgment. The Stumpfs subsequently filed a response and a cross motion for summary judgment. On November 15, 2005, Hagerman and Dodd filed a motion to strike the deposition of expert witness Frank Burg.

The trial court held a hearing on February 7, 2006. On May 4, 2006, the trial court issued an order granting summary judgment to Hagerman and Dodd and granting their motion to strike the deposition of the expert witness. The Stumpfs now appeal. Additional facts will be added as necessary.

## I. Summary Judgment

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C) (2006). When reviewing a grant of summary judgment, we apply the same standard as does the trial court. *Rogier v. Am. Testing & Eng'g Corp.*, 734 N.E.2d 606, 613 (Ind.Ct.App.2000), *trans. denied.* We do not reweigh the evidence;

rather, we consider the facts in the light most favorable to the non-movant. *Id.*

Our review is limited to those materials that the parties designated to the trial court. *Cummins v. McIntosh*, 845 N.E.2d 1097, 1102 (Ind.Ct.App.2006), *trans. denied.* Neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. *McDonald v. Lattire*, 844 N.E.2d 206, 210 (Ind.Ct.App.2006). While the non-movant bears the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the non-movant was not wrongly denied his or her day in court. *Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 779 (Ind.2004).

"When there are no disputed facts with regard to a motion for summary judgment and the question presented is a pure question of law, we review the matter de novo." *Aide v. Chrysler Fin. Corp.*, 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* "The fact that the parties made cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind.Ct.App. 1997), *trans. denied.*

■ The Stumpfs contend that the trial court erred when it granted Hagerman and Dodd's motion for summary judgment. Specifically, the Stumpfs maintain that Hagerman and Dodd contractually owed the Stumpfs a duty of care and that an issue of fact exists as to whether they breached that duty. The Stumpfs' complaint alleges negligence, which is comprised of three elements: (1) a duty on the part of a defendant in relation to the plaintiff; (2) a failure on the part of the

defendant to conform its conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff that was proximately caused by the defendant's breach. *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind.Ct.App.2002) (citation omitted). Even though summary judgment is rarely appropriate in a negligence action, a defendant may obtain summary judgment by demonstrating that the undisputed facts negate at least one element of the plaintiff's claim *Id.* (citation omitted).

■ Under Indiana common law, it is well established that an employer does not have a duty to supervise the work of an independent contractor to assure a safe workplace and consequently is not liable for the negligence of the independent contractor. *Armstrong v. Cerestar*, 775 N.E.2d 360, 369 (Ind.Ct.App.2002); *Ramon v. Glenroy Constr. Co., Inc.*, 609 N.E.2d 1123, 1128 (Ind.Ct.App.1993), *trans. denied.* The rationale behind this rule is that "a general contractor typically exercises little, if any, control over the means or manner of the work of its subcontractors, and requires only that the completed work meet the specifications of the owner in its contract with the general contractor." *Harris v. Kettelhut*, 468 N.E.2d 1069, 1072 (Ind.Ct.App.1984), *trans. denied* (citation omitted).

However, our court has recognized five exceptions to this general rule: (1) where the contract requires the performance of intrinsically dangerous work; (2) where one party is by law or contract charged with performing the specific duty; (3) where the performance of the contracted act will create a nuisance; (4) where the

act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Merrill*, 771 N.E.2d at 1267 (citing *Hale v. R.R. Donnelley & Sons*, 729 N.E.2d 1025, 1027 (Ind.Ct.App. 2000), *trans. denied* ).

■ The Stumps contend that the second exception applies in this case, alleging Hagerman and Dodd assumed a duty to insure the safety of all persons working pursuant to its contract to renovate Pfendler Hall.[2] The existence of a duty is a pure question of law for the court to determine. *Bldg. Materials v. T & B Structural Sys., Inc.*, 804 N.E.2d 277, 282 (Ind.Ct. App.2004). Absent a duty, there can be no breach and, therefore, no recovery for the plaintiff in a negligence cause of action. *Id.* Therefore, we will first examine whether the contractual provisions give rise to a duty.

■ Interpretation of a written contract is achieved by ascertaining "the intent of the parties at the time the contract was executed as disclosed by the language used to express their rights and duties." *Merrill*, 771 N.E.2d at 1268 (citation omitted). We must look to the contract as a whole to determine if a party is charged with a duty of care pursuant to the contract.· *Id.* (citation omitted). We accept an interpretation of the contract that harmonizes its provisions. *Teitge v. Remy Constr. Co.*, 526 N.E.2d 1008, 1009 (Ind.Ct. App.1988) (citation omitted). If a contract affirmatively evinces intent to assume a duty of care, actionable negligence may be predicated upon the contractual duty. *Hale*, 729 N.E.2d at 1028 (citation omitted). Furthermore, this duty is considered

---

2. We note that a duty cannot be created by an OSHA regulation alone. *See Armstrong*, 775 N.E.2d at 368 (concluding that "any determination made under OSHA regulations … is irrelevant as to the issue of whether [the defendant] owed [the plaintiff] a duty because an OSHA standard cannot be used to expand an existing common law or statutory duty, or be used as evidence of an expanded duty of care").

non-delegable, and a principal will be liable for the negligence of the contractor because the responsibilities are deemed "so important to the community" that the principal should not be permitted to transfer these duties to another. *Ryobi Die Casting v. Montgomery,* 705 N.E.2d 227, 229 (Ind.Ct.App.1999), *trans. denied.*

The Stumpfs rely particularly on paragraph twenty-four of the General Conditions of the contract between Hagerman and Purdue University, which provides:

> The Contractor shall take all necessary precautions for the safety of employees on the work, and shall comply with all applicable provisions of Federal, State, and Municipal safety laws and building codes to prevent accidents or injury to persons on, about or adjacent to the premises where the work is being performed.... Contractor shall designate a responsible member of its organization on the work, whose duty shall be the prevention of accidents.

Appellants' App. p. 730.[3] In essence, the Stumpfs contend that this language indicates intent by Hagerman, and subsequently Dodd, to assume a duty of care to all the employees on the project, and that they were required to ensure that their subcontractors implemented safety procedures.

The Stumpfs compare the language in the contract between Hagerman and Purdue University to contract provisions in cases where we have determined that an independent contractor had assumed a contractual duty for the care of its subcontractor's employees. One such case is *Per-*

*ryman v. Huber, Hunt & Nichols, Inc.,* 628 N.E.2d 1240 (Ind.Ct.App.1994), *trans. denied.*

In *Perryman,* we determined upon examination of the entire contract that the parties had intended to charge one party, the independent contractor, with a duty of care for all the employees on the work site. *Id.* at 1244. The contract between the prime contractor, HHN, and the owner of the premises provided: "The Construction Manager [HHN] hereby agrees that it will comply with all applicable state and federal statutes and other governmental regulations pertaining to employment, and that it will require like compliance therewith from all Trade Contractors related to the Project." *Id.* The contract also provided that HHN was responsible for reviewing the safety programs of its subcontractors and making recommendations. In fact, HHN employed a safety officer to oversee its subcontractors' operations. We determined from this very specific contractual language relating to safety that the parties had clearly intended to charge the general contractor with a duty of care for the safety of all employees on the project. *Id.*

Another case the Stumpfs rely on is *Harris v. Kettelhut Construction, Inc.,* 468 N.E.2d 1069. In *Harris,* the contract between the owner of the premises and the general contractor provided:

> The Contractor shall take all necessary precautions for the safety of all employees on the Project, and all other persons who may be affected thereby, and shall comply with all applicable provisions of

---

**3.** Throughout the argument section of Appellants' brief, Appellants' counsel refers to paragraphs of Hagerman's contract without any citation to where these provisions appear in the Appendix. *See* Br. of Appellants pp. 17, 18, 20. Appellants' counsel likewise only refers to the articles of the contract between Dodd and Hagerman. *See* Br. of Appellants

p. 24. Indiana Rule of Appellate Procedure 46(A)(6)(a) (2006) states that "[t]he facts shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." We admonish Appellants' counsel to follow the Indiana Appellate Rules in its future filings with this court.

the Contract Documents and Federal, state and municipal safety laws, building, mechanical and electrical codes and rules, regulations and restrictions to prevent accidents or injury to persons on, about or adjacent to the Project or elsewhere.

*Id.* at 1072–73. We concluded that the language "all employees on the Project" necessarily included employees of subcontractors. *Id.* at 1074. We determined that this clause created a contractual duty of care for the employees of the subcontractor.

Here, in the contract between Hagerman and Purdue University, we have similar language requiring the contractor to take precautions for the safety of employees on the work site. As in *Perryman,* Hagerman was required to designate a responsible member of its organization whose duty would be the prevention of accidents. Paragraph forty-four of the contract further provided: "The Contractor shall *administer* and comply with all the rules, standards, and regulations of the Construction Safety Act, and the Williams–Steigher Occupational Safety and Health Act of 1970." Appellants' App. p. 740 (emphasis added). Taken as a whole, we believe that this contractual language evinces intent by the parties to charge Hagerman with a duty of care for the safety of all the employees on the project, including the employees of its subcontractors.

The facts at issue in this case are readily distinguishable from the facts presented in *Helms v. Carmel High School Vocational Bldg.,* 844 N.E.2d 562 (Ind.Ct.App.2006), *aff'd in part by* 854 N.E.2d 345 (Ind.2006). In that case, we concluded that the contractual language requiring the general contractor to ensure that its construction "conform to all applicable laws of the State of Indiana" did not evince an intent that

the general contractor had contracted to provide a safe worksite for its subcontractors. We found it particularly relevant that the general contractor had not agreed to provide a safety supervisor or to make safety inspections. *Id.* at 565.

 In the case at hand, by contrast, the language of the contract *specifically* assigns Hagerman the duty to provide for the safety of its employees and to prevent injury to employees. Furthermore, Hagerman contractually agreed to *administer* and comply with OSHA regulations. Hagerman was also contractually required to designate a member of its staff whose duty would be to prevent accidents. In *Perry v. Northern Ind. Pub. Serv. Co.,* 433 N.E.2d 44, 48 (Ind.Ct.App.1982), we concluded that a general contractor who had voluntarily appointed "safety men" to the work site to develop a safety program had assumed supervision of the safety at the construction site and had consequently assumed a duty to use due care in the enforcement of safety regulations. Similarly, in this case Hagerman contractually agreed to provide a safety administrator. Therefore, we conclude that, by virtue of its contract with Purdue University, Hagerman did assume a duty of care for its subcontractors' employees. We also conclude that Dodd subsequently assumed the same duty of care when it agreed to be mutually bound by the provisions of the prime contract.

The trial court also determined that, as a matter of law, the Stumpfs could not demonstrate a breach of duty or proximate cause. The trial court determined that "[a]t most, Defendant Hagerman may have assumed a duty to administer compliance with OSHA codes and regulations" and that the Stumpfs had failed to identify any particular OSHA code or regulation that was breached by Hagerman. Appellants' App. p. 24. On appeal, however, the

Stumpfs cite various OSHA regulations that Hagerman allegedly breached.

We need not determine whether as a matter of law Hagerman and Dodd breached any OSHA regulations, as their contractually assumed duty to supervise the safety of the project created a duty to supervise the safety of the project "in the manner of a reasonably prudent [person]." *See Perry,* 433 N.E.2d at 49. As we have determined that Hagerman and Dodd contractually assumed a duty to oversee the safety and prevention of accidents on the project, we likewise conclude that Hagerman and Dodd assumed the broader duty of conducting such supervision in a reasonably prudent manner and overseeing that their subcontractors followed reasonable safety precautions, regardless of OSHA's requirements. "[O]ne who assumes supervision of safety at a construction site has a duty to use due care in the enforcement of safety regulations." *Id.*

It appears that the Stumpfs allege Hagerman and Dodd failed to adequately supervise the safety of their subcontractors by ensuring that proper fall equipment was used or that employees were trained on proper ladder use. Whether Hagerman and Dodd breached their assumed duty of a reasonably prudent person and whether such breach was a proximate cause of Nathan's injuries are questions of fact for the jury. *See Chandradat v. Ind. Dept. of Transp.,* 830 N.E.2d 904, 908 (Ind.Ct.App.2005), *trans. denied.*

## II. Expert Witness Deposition

The Stumpfs next allege that the trial court erroneously struck the deposition of expert witness, Frank Burg ("Burg"). The Stumpfs designated Burg's deposition in response to Hagerman and Dodd's motion for summary judgment. The trial court struck Burg's testimony in its entirety, concluding that the testimony was irrelevant to the claims at issue, that it contained impermissible legal conclusions, and that his testimony was not based on any personal knowledge of the worksite at the time of Nathan's fall.

"Decisions regarding the admissibility of expert testimony lie within the discretion of the trial court and will be reversed only for an abuse of discretion." *Messer v. Cerestar U.S.A., Inc.,* 803 N.E.2d 1240, 1247 (Ind.Ct.App.2004), *trans. denied.* This court will reverse a decision to exclude evidence only if that decision is clearly against the logic and effect of the facts and circumstances before the trial court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Wallace v. Meadow Acres Manufactured Hous., Inc.,* 730 N.E.2d 809, 812 (Ind.Ct.App.2000), *trans. denied.* We will reverse for the improper exclusion of evidence only if the appealing party can demonstrate prejudice. *Indianapolis Podiatry, P.C. v. Efroymson,* 720 N.E.2d 376, 383 (Ind.Ct.App.1999), *trans. denied,* ( "Erroneously excluded evidence requires reversal only if the error relates to a material matter or substantially affects the rights of the parties.").

In their brief, the Stumpfs contend that Burg,

> testified that under OSHA, the general contractor is the primary responsible party for the safety and health program, and implementation of policies and procedures. He also opined that OSHA requires designation of a 'competent person' who is trained on ladder use and inspection, and in training workers in the safe use of a ladder including recognizing fall hazards.

Br. of Appellants' p. 11. The Stumpfs claim that Burg's opinions would be helpful to a trier of fact who could not be expected

to have expertise in interpreting OSHA standards. *Id.*

The Stumpfs further contend that the trial court erroneously struck Burg's opinion "regarding the requirement of fall protection based on a lack of an OSHA provision requiring fall protection for ladders." *Id.* at 16. They also argue that it was improper to strike Burg's opinions regarding the requirements under OSHA's multi-employer rule, OSHA's general duty rule, and requirements of fall protection under "Subpart M" of OSHA. *Id.*

The Stumpfs contend that the fact scenario at hand is similar to the facts in *Vaughn v. Daniels Co.*, 841 N.E.2d 1133 (Ind.2006), where our supreme court determined that an expert's opinions did not constitute legal conclusions. In that case, our supreme court reiterated that "Indiana Evidence Rule 704 permits opinions to embrace ultimate issues to be decided by the trier of fact, but prohibits opinions as to legal conclusions." *Id.* at 1137. Therefore, the court concluded that opinions concerning reasonable care or proximate cause, as they embrace ultimate issues to be decided by the trier of fact, are admissible under Indiana Rules of Evidence. *Id.*

■ However, we conclude that "interpreting OSHA standards" is not relevant to the issue of whether Hagerman or Dodd used reasonable care or whether failure to use reasonable care proximately caused Nathan's injury. *See* Br. of Appellants at 14. Rather, Burg's affidavit attempts to elucidate what *duty* is required under OSHA's provisions. "[T]he question of whether a duty to exercise care arises is governed by the relationship of the parties and is an issue of law within the province of the court." *Merrill*, 771 N.E.2d at 1263 (citing *Douglass v. Irvin*, 549 N.E.2d 368, 369 (Ind.1990); *Interim Healthcare of Fort Wayne, Inc. v. Moyer ex rel. Moyer,*

746 N.E.2d 429, 433 (Ind.Ct.App.2001), *trans. denied* ).

In *Merrill*, where the trial court also struck portions of an affidavit by the same Frank Burg, we concluded that "an expert witness was not permitted to testify that the defendant was responsible for a defective condition and owed the plaintiffs a duty." 771 N.E.2d at 1263. There, we affirmed the trial court's order striking Burg's affidavit asserting that the owner had an affirmative duty to cover or guard skylights on the roof. Similarly, in the case at hand, Burg asserts that Hagerman and Dodd were the "primary responsible party for the safety and health program, and implementation of policies and procedures" and were therefore required under OSHA to designate a competent person trained on ladder inspection. Br. of Appellant at 11. Such statements constitute legal conclusions of the duty Hagerman and Dodd owed to the Stumpfs. Therefore, as in *Merrill*, we conclude that "Burg's determination regarding duty is a legal conclusion that invades the province of the court." *Id.* Consequently, the trial court did not abuse its discretion in striking Burg's affidavit.

### Conclusion

We conclude that Hagerman and Dodd contractually assumed a duty of care to the employees of its subcontractors. Therefore, the trial court erroneously granted summary judgment in favor of Hagerman and Dodd. We further conclude that the trial court did not abuse its discretion in striking the affidavit of Frank Burg.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

SHARPNACK, J., and KIRSCH, J., concur.

## ORDER

On March 8, 2007, this Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellants by counsel, have filed a Motion to Publish Memorandum Decision. The Appellants state that this decision resolves a legal issue of unique interest and that its publication will likely serve the interest of judicial economy by serving as precedent. Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellants' Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on March 8, 2007, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All judges concur.