Deloris E. ENGLAND and Bobby G. England, as Guardians of the Estate and Person of Robert E. England, Incapacitated Adult, Appellants–Plaintiffs,

v.

FAIRFIELD CONTRACTING, INC., Appellee–Defendant/Cross–Appellant,

v.

Ed Muller Masonry, Inc., Cross–Appellee/Third–Party Defendant.

No. 79A02–0711–CV–935.

Court of Appeals of Indiana.

Sept. 23, 2008.

Publication Ordered Oct. 20, 2008.

W.F. Conour, John P. Daly, Jr., Conour–Daly, Indianapolis, IN, Attorneys for Appellants.

Joseph M. Dietz, Rick Meils, Meils Thompson Dietz & Berish, Indianapolis, IN, Attorneys for Fairfield.

Richard R. Skiles, Skiles DeTrude, Indianapolis, IN, Attorney for Ed Muller.

## OPINION

BAKER, Chief Judge.

Appellants-defendants Deloris E. England and Bobby G. England, as guardians of the Estate and person of Robert E. England, an incapacitated adult (the Estate), appeal the trial court's order denying the Estate's motion for partial summary judgment against appellee-defendant Fairfield Contracting, Inc. (Fairfield). The Estate contends that the trial court should have found as a matter of law that Fairfield had assumed a contractual duty of care to Robert. The Estate also argues that the trial court erroneously gave two jury instructions that were allegedly improper statements of law and invaded the province of the jury. Additionally, Fairfield cross-appeals the trial court's order granting cross-appellee/third-party defendant Ed Muller Masonry, Inc.'s (Ed Muller) motion for judgment on the evidence on Fairfield's indemnity claim against Ed Muller. Finding no error, we affirm.

### FACTS

Twin City Collision Repair, Inc. (Twin City), hired Fairfield to serve as general contractor for the construction of a new collision repair facility. The contract between Twin City and Fairfield (the Contract) contained three relevant provisions regarding Fairfield's obligations. "All work to be completed in a workmanlike manner according to standard practices." Appellant's App. p. 386. "Contractor to provide competent on-site and in-house supervision to insure that the job progresses smoothly and meets or exceeds design criteria." *Id.* at 389. "Contractor will provide all mobilization, field and main office supervision, all construction equipment, small tools and supplies." *Id.*

To complete the masonry portion of the project, Fairfield entered into an oral subcontract with Ed Muller. Robert was an employee of Muller. On November 27, 2000, Robert was standing on a scaffold that was over twelve feet above the ground. One end of the scaffold did not have any safety rails, and Robert fell off of the scaffold at that location, fell to the ground, and sustained severe and permanent injuries.

On August 14, 2002, the Estate filed a complaint against Fairfield, seeking dam-

ages for Robert's injuries. On December 31, 2002, Fairfield filed a motion for summary judgment, and the trial court granted Fairfield's motion on May 2, 2003. On May 7, 2003, the Estate filed a motion to reconsider, and the trial court granted the motion on October 3, 2003, vacating the prior entry of summary judgment. On March 26, 2004, Fairfield filed a third-party complaint against Ed Muller, seeking indemnification in the event it was found liable for Robert's injuries.

On February 2, 2005, Fairfield filed a renewed and supplemental motion for summary judgment against the Estate. The trial court held a hearing on Fairfield's motion on April 14, 2005, at which time the Estate's attorney orally moved for partial summary judgment against Fairfield on the issue of Fairfield's duty to Robert by virtue of the Contract. On May 25, 2005, the trial court denied the Estate's partial motion for summary judgment, and on May 27, 2005, the trial court denied Fairfield's summary judgment motion against the Estate.

The parties proceeded to a February 2007 jury trial. On February 28, 2007, at the close of the presentation of the evidence, Ed Muller moved in open court for a judgment on the evidence on the third-party indemnity claim. The trial court granted the motion. After deliberating, the jury returned a verdict the same day in favor of Fairfield. The Estate now appeals the trial court's order denying partial summary judgment on the issue of Fairfield's duty to Robert and appeals the verdict based on two allegedly improper jury instructions. Additionally, Fairfield cross-appeals the judgment on the evidence granted in favor of Ed Muller.

### DISCUSSION AND DECISION

#### I. Duty of Care

As we consider the Estate's argument that the trial court improperly denied partial summary judgment in its favor on the issue of Fairfield's ostensible contractual duty of care to Robert, we observe that summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb*, 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning*, 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

An appellate court faces the same issues that were before the trial court and follows the same process. *Id.* at 908. The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

■ It is well established that, as a general rule, a contractor does not have a duty to supervise the work of an independent contractor to assure a safe workplace and, consequently, is not liable for the negligence of an independent contractor. *Stumpf v. Hagerman Constr. Corp.*, 863 N.E.2d 871, 876 (Ind.Ct.App.2007), *trans. denied.* "The rationale behind this rule is that 'a general contractor typically exercises little, if any, control over the means or

manner of the work of its subcontractors, and requires only that the completed work meet the specifications of the owner in its contract with the general contractor.'" *Id.* (quoting *Harris v. Kettelhut,* 468 N.E.2d 1069, 1072 (Ind.Ct.App.1984)).

There are five exceptions to the general rule, including "where one party is by law or contract charged with performing the specific duty...." *Stumpf,* 863 N.E.2d at 876. As we analyze the document to discern whether it imposes a duty of care on the contractor, we look to the contract as a whole and accept an interpretation of the contract that harmonizes its provisions. *Id.* "If a contract *affirmatively evinces* intent to assume a duty of care, actionable negligence may be predicated upon the contractual duty." *Id.* (emphasis added).

Initially, we note that on September 14, 2000, the parties held a pre-job meeting. The minutes of that meeting provide, among other things, as follows:

> This project has high visibility to the public from Co. Rd. 350 S. For this reason and for good productivity, safety is a must. Each contractor is required to follow proper OSHA regulations as required. Fairfield Contractors requires all personnel on the project to wear a hard hat and proper clothing. This is applicable to all trades at all times.

Appellants' App. p. 434. This document amounts to a memorandum of understanding between Fairfield and its contractors, and it is evident from this memorandum that the parties agreed that it was the responsibility of the *subcontractors* to ensure the safety of their own employees. Thus, the trial court did not err by denying the Estate's partial summary judgment motion on the issue of Fairfield's duty of care.

Notwithstanding the September 14, 2000, memorandum of understanding, the Estate argues that the Contract includes three relevant provisions indicating that Fairfield agreed to assume a duty of care. "All work to be completed in a workmanlike manner according to standard practices." *Id.* at 386. "Contractor to provide competent on-site and in-house supervision to insure that the job progresses smoothly and meets or exceeds design criteria." *Id.* at 389. "Contractor will provide all mobilization, field and main office supervision, all construction equipment, small tools and supplies." *Id.*

The Estate contends that these provisions are ambiguous as to whether Fairfield assumed a duty of care to ensure that its subcontractors followed all safety rules; therefore, the Estate insists that we should look to extrinsic evidence to interpret the Contract, including the testimony of two safety experts regarding the accepted meaning of this contractual language. Appellant's Br. p. 12. By arguing that the Contract is ambiguous, however, the Estate implicitly concedes that the document does not "affirmatively evince" an intent that Fairfield assume a duty of care. *Stumpf,* 863 N.E.2d at 876. And indeed, it is evident that the document does not affirmatively, explicitly, or implicitly indicate that Fairfield assumed such a duty. Nowhere does the Contract discuss safety, OSHA, compliance with safety laws or building codes, or accident or injury prevention.

Given the general rule that absent an affirmative assumption of a duty of care, a contractor is not liable for the negligence of its subcontractors, we simply cannot find that Fairfield assumed a duty to ensure that Ed Muller maintained a safe workplace for its employees. This conclusion is further buttressed by the memorandum of understanding discussed above.

Under these circumstances, we find that the trial court did not err by denying the Estate's partial summary judgment motion.

## II.   *Jury Instructions*

The Estate next argues that the trial court gave two improper instructions to the jury. The selection of jury instructions is left to the sound discretion of the trial court so long as the instructions, as a whole, accurately and completely set forth the elements of the parties' claims and defenses. *Foster v. Owens*, 844 N.E.2d 216, 220 (Ind.Ct.App.2006), *trans. denied.* We will reverse only for an abuse of that discretion. *Id.* In reviewing a tendered jury instruction, we consider whether it correctly states the law, is supported by the evidence in the record, and is covered in substance by other instructions. *Id.*

The first jury instruction about which the Estate complains reads as follows:

Where a general contractor requires a subcontractor, in writing and/or in any other form, to comply with safety requirements, IOSHA, or otherwise, by that act alone, does not assume safety obligations by the general contractor to the employees of the subcontractor. This is a question for the jury.

Appellant's App. p. 152. The Estate's attorney objected to this instruction because it "implies that the duty is delegable and it's not." *Id.* at 76.

Whether or not the duty of care is delegable, however, misses the point of the instruction, which was designed to help the jury determine whether Fairfield had assumed such a duty at all. The instruction properly informed the jury that the mere fact that a contractor requires a subcontractor to comply with safety requirements does not, itself, mean that the contractor has assumed a duty of care to the subcontractor's employees. This is not an incorrect statement of the law, and to the ex-

tent that the instruction implies that a duty of care is delegable, we note that the jury was explicitly instructed that if Fairfield retained control over the safety practices of its subcontractor or evinced an affirmative intent in a contract to do so, then Fairfield may be solely liable for a failure to adequately perform that duty. *Id.* at 148–49, 151. Under these circumstances, we conclude that the trial court did not abuse its discretion by giving this jury instruction.

The next jury instruction complained about by the Estate reads as follows: "The power to inspect, supervise work, and stop work in progress alone, does not establish a duty to exercise care for the subcontractor's ... employees. This is a question for the jury." *Id.* at 154. The Estate essentially argues that this instruction and the one discussed above are confusing for the jury because they inform the jury that "they cannot find a duty, but it's up to them." Appellant's Br. p. 18. According to the Estate, "[j]uror confusion and anarchy were the predictable results" of the instructions. *Id.* at 17. Initially, we observe that there is not a scintilla of evidence supporting the Estate's argument that there was juror confusion and anarchy.

Furthermore, as above, this instruction is not an incorrect statement of the law—it simply informs the jurors that the mere fact that the contractor retains certain powers of inspection and supervision does not, in and of itself, establish a duty of care for the subcontractor's employees. This, also, is a correct statement of the law. Neither of these instructions told the jury that no duty existed; instead, the instructions inform the jury that certain facts, standing alone, are insufficient to find that the contractor assumed a duty. We find, therefore, that the trial court did

not abuse its discretion by giving this jury instruction.

Fairfield cross-appeals the trial court's order granting judgment on the evidence on the third-party indemnity claim against Ed Muller to protect itself in case we reversed the trial court on one of the grounds suggested by the Estate, potentially subjecting Fairfield to liability. Appellee's Br. p. 38–39. Inasmuch as we are affirming the verdict in favor of Fairfield, we need not address its cross-appeal.

The judgment of the trial court is affirmed.

ROBB, J., concurs.

RILEY, J., concurs in result.

### ORDER

On September 23, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee/Cross-Appellant Fairfield Contracting, Inc., and the Cross-Appellee, Ed Muller Masonry, Inc., by their respective counsel, have filed a Joint Motion for Publication.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Joint Motion for Publication is GRANTED and this Court's opinion handed down in this cause on September 23, 2008, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

BAKER, C.J., and ROBB, J., concur; RILEY, J., dissents.