# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**CHRISTOPHER G. STEVENSON**
**D. BRUCE KEHOE**
Wilson Kehoe Winingham LLC
Indianapolis, Indiana

**WAYNE GREESON**
The Law Offices of Wayne Greeson, PC
Connersville, Indiana

ATTORNEYS FOR APPELLEE:

**RICHARD R. SKILES**
**JANET M. PRATHER**
Skiles Detrude
Indianapolis, Indiana



# IN THE
# COURT OF APPEALS OF INDIANA

JOY ELAINE GWINN,                          )
                                          )
    Appellant-Plaintiff,                    )
                                          )
        vs.                                       )          No. 33A04-1306-CT-307
                                          )
HARRY J. KLOEPPEL & ASSOCIATES, INC.       )
                                          )
    Appellee-Defendant.                     )

## APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1109-CT-36

**February 28, 2014**

**OPINION- FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Joy Elaine Gwinn appeals the trial court's entry of summary judgment in favor of Harry J. Kloeppel & Associates, Inc. ("Kloeppel"), on Gwinn's claim for negligence. Gwinn was injured when a projection screen fell from the ceiling of the high school classroom in which she was teaching. Gwinn filed a complaint for negligence against Kloeppel alleging that Kloeppel, the general contractor on a school renovation project, had negligently installed the projection screen. Kloeppel moved for summary judgment asserting that it did not personally install the screen but had hired a subcontractor for the installation, and also that it owed no duty to Gwinn. Gwinn responded and moved for partial summary judgment asserting that Kloeppel owed a duty to her and was vicariously liable for the negligence of its subcontractors. The trial court entered summary judgment in favor of Kloeppel finding no duty as a matter of law. The sole issue presented for our review is whether the trial court erred when it entered summary judgment in favor of Kloeppel. Finding that Kloeppel assumed a nondelegable duty to Gwinn pursuant to contract, we reverse and remand.

**Facts and Procedural History**

The undisputed facts are that in April 2007, Shenandoah School Corporation contracted with Kloeppel to perform work and services and to supply equipment for a renovation project at Shenandoah High School. As part of that project, Kloeppel purchased projection screens from Claridge Products & Equipment Inc. and subcontracted with Casework Installations, Inc. ("Casework"), to install the projection screens. On October 26, 2009, Gwinn, a chemistry and physics teacher employed at the high school, was injured when

the projection screen in her classroom fell from a ceiling mount while she was retracting the screen. One end of the screen fell and struck Gwinn, knocking her to the floor and causing her to fracture her humerus.

Gwinn filed a complaint for negligence against Kloeppel alleging that Kloeppel "carelessly and negligently failed to exercise its duty of reasonable care in its work installing and hanging the projection screen" in her classroom. Appellant's App. at 12. Kloeppel answered and subsequently filed a motion for summary judgment and designation of evidence arguing that it did not personally install the screen but had hired a subcontractor to do so, that it owed no duty to Gwinn, and even assuming a duty, there is insufficient evidence to establish that Kloeppel breached that duty. Gwinn responded with a cross motion for summary judgment arguing that as the general contractor on the renovation project, Kloeppel owed her a nondelegable duty of care pursuant to its contract with Shenandoah School Corporation and should be held vicariously liable for the acts or omissions of its subcontractors. Following a hearing, the trial court entered its order granting summary judgment in favor of Kloeppel and denying Gwinn's motion for partial summary judgment. Specifically, the trial court concluded, among other things, that Kloeppel owed no duty to Gwinn as a matter of law. This appeal ensued.

**Discussion and Decision**

Our standard of review of a summary judgment order is well settled:

We review a summary judgment order de novo. Considering only those facts supported by evidence that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to judgment as a matter of law." We

3

construe all factual inferences in the non-moving party's favor and resolve all doubts as to the existence of a material issue against the moving party.

*Kovach v. Caligor Midwest*, 913 N.E.2d 193, 196-97 (Ind. 2009) (citations omitted). The party appealing a trial court's grant of summary judgment bears the burden of persuading this Court that the ruling was erroneous. *Morris v. Crain*, 969 N.E.2d 119, 123 (Ind. Ct. App. 2012).

On appeal, Gwinn argues that the trial court erred when it entered summary judgment in favor of Kloeppel on her negligence claim based upon its conclusion that Kloeppel owed no duty to her as a matter of law. To prevail on a negligence claim, the plaintiff must show: (1) a duty owed to the plaintiff by the defendant; (2) a breach of duty by allowing conduct to fall below the applicable standard of care; and (3) a compensable injury proximately caused by the defendant's breach of duty. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010). Summary judgment is rarely appropriate in negligence cases. *Rhodes v. Wright*, 805 N.E.2d 382, 387 (Ind. 2004). However, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim. *Winfrey v. NLMP, Inc.*, 963 N.E.2d 609, 612 (Ind. Ct. App. 2012).

We begin by noting that, in her brief on appeal, Gwinn presents argument and cites authority to support her contention that Kloeppel owed her a duty as a matter of law and thus the trial court's entry of summary judgment in favor of Kloeppel on the issue of duty was inappropriate. Kloeppel wholly fails to respond regarding the issue of duty and instead asserts a novel claim that summary judgment in its favor is appropriate because there is no

genuine issue of material fact on the issue of proximate cause.[1]  Kloeppel's failure to respond to an issue raised in Gwinn's brief is akin to failing to file a brief as to that issue.  *See Elliott v. Rush Mem'l Hosp.*, 928 N.E.2d 634, 639 (Ind. Ct. App. 2010), *trans. denied*.  "Although this failure does not relieve us of our obligation to correctly apply the law to the facts in the record in order to determine whether reversal is required, counsel for appellee remains responsible for controverting arguments raised by the appellant."  *Id*. (quoting *Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 837 (Ind. Ct. App. 2005), *trans. denied*).  To obtain reversal, the appellant need only establish that the trial court committed prima facie error.  *Farah, LLC v. Architura Corp*., 952 N.E.2d 328, 334 (Ind. Ct. App. 2011).  Prima facie means "at first sight, on first appearance, or on the face [of] it."  *Ponziano Constr. Servs. Inc. v. Quadri Enters., LLC*, 980 N.E.2d 867, 875 (Ind. Ct. App. 2012).  With this in mind, we turn to Gwinn's uncontroverted arguments.

Gwinn first asserts that Kloeppel, as general contractor on the renovation project, owed a duty to her as a foreseeable victim of the alleged negligent installation of the projection screen pursuant to our supreme court's holding in *Peters v. Forster*, 804 N.E.2d 736 (2004).  In *Peters*, our supreme court abrogated Indiana's "acceptance rule" according to which contractors owed no duty of care to third parties injured on a premises after the owner

---

[1] In its appellee's brief, Kloeppel urges that, even assuming it owed a duty to Gwinn, summary judgment is warranted in its favor because there is no genuine issue of material fact on the issue of proximate cause.  We find this argument disingenuous in light of our review of the record.  In its brief in opposition to Gwinn's motion for partial summary judgment, Kloeppel acknowledged that material factual issues remain for determination by a jury on the issues of both breach and proximate cause.  Appellant's App. at 276-77, 280-81.

of the premises accepted the work. *Id*. at 742. Instead, the *Peters* court explained the more

appropriate rule as follows:

> A rule that provides that a builder or contractor is liable for injury or damage to a third person as a result of the condition of the work, even after completion of the work and acceptance by the owner, where it was reasonably foreseeable that a third party would be injured by such work due to the contractor's negligence, is consistent with traditional principles of negligence upon which Indiana's scheme of negligence law is based.

*Id*. However, unlike the present case, *Peters* involved a claim brought by a third party

against the contractor who actually installed an allegedly faulty handicap ramp, as opposed to

the allegation of vicarious liability for the negligence of a subcontractor as is clearly at issue

here.[2] *Cf. Hale v. SS Liquors, Inc*., 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (finding

*Peters* applicable to determine duty in claim against contractor who actually performed safety

work on hotel bathtub in which plaintiff was injured).

It is undisputed that Kloeppel did not install the projection screen that fell and

allegedly caused Gwinn's injuries. Rather, the designated evidentiary material indicates that

Kloeppel hired a subcontractor, Casework, to perform that task.[3] Accordingly, although

Indiana law currently adheres to the overriding rule that, even after acceptance, contractors

---

[2] Vicarious liability is "indirect legal responsibility." *Sword v. NKC Hosps., Inc.*, 714 N.E.2d 142, 147 (Ind. 1999) (quoting BLACK'S LAW DICTIONARY 1404 (5th ed. 1979)).

[3] We observe that the trial court was apparently swayed by Kloeppel's contention that the identity of who installed the projection screen was not a fact pled in Gwinn's complaint and somehow remained an "unknown" issue of fact during summary judgment proceedings. Appellant's App. at 6. First, we note that Indiana follows liberal rules of notice pleading. *See* Ind. Trial Rule 8. Additionally, in support of its motion for summary judgment, Kloeppel designated evidence indicating that, while Kloeppel did not install the projection screen, it subcontracted with Casework to install the screen and paid Casework for that work. Although Kloeppel maintained that it was not absolutely positive that Casework actually installed the screen, Casework's identity as the installer of the screen is clearly a reasonable inference from the designated facts. *See Kroger*, 930 N.E.2d at 5 (all factual inferences are construed in favor of the nonmoving party).

6

owe a duty of care to reasonably foreseeable third parties as enunciated in *Peters*, whether Kloeppel owed a duty to Gwinn under the circumstances presented here is more specifically governed by a well-defined legal doctrine of vicarious liability: that of nondelegable duty.[4]

The long standing general rule is that a principal is not liable for the negligence of an independent contractor. *Selby v. NIPSCO*, 851 N.E.2d 333, 337 (Ind. Ct. App. 2006), *trans. denied.* "The rationale behind this rule is that a 'general contractor typically exercises little, if any, control over the means or manner of the work of its subcontractors, and requires only that the completed work meet the specifications of the owner in its contract with the general contractor.'" *Shawnee Constr. & Eng'g, Inc. v. Stanley*, 962 N.E.2d 76, 81 (Ind. Ct. App. 2011) (quoting *Harris v. Kettelhut Constr., Inc.*, 468 N.E.2d 1069, 1072 (Ind. Ct. App. 1984), *trans. denied* (1985)), *trans. denied* (2012). However, in light of public policy concerns seeking to limit a principal's ability to avoid responsibility for some activities by hiring independent contractors, Indiana courts have recognized the five following exceptions to the general rule: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing a specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will likely cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Beatty v. LaFountaine*, 896 N.E.2d 16, 22 (Ind. Ct. App. 2008), *trans. denied* (2009). "The duties associated with these exceptions are considered nondelegable, and the principal

---

[4] Courts employ various doctrines of tort and agency law to impose vicarious liability, including respondeat superior, apparent or ostensible agency, agency by estoppel, and the nondelegable duty doctrine. *See Sword*, 714 N.E.2d at 147-48.

is liable for negligence of the independent contractor because the responsibilities are deemed so important to the community that the principal should not be permitted to transfer those duties to another." *Id.* (citation and quotation marks omitted). The exceptions to the rule of nonliability encourage the principal to participate in the control of work covered by the exceptions in order to minimize the risk of resulting injuries. *Bagley v. Insight Commc'ns Co.*, 658 N.E.2d 584, 588 (Ind. 1995)).

Gwinn argues that Kloeppel owed a duty to her with respect to Casework's installation of the projection screen pursuant to the second exception to a general contractor's nonliability for the negligence of its subcontractors: "where the principal is by law or contract charged with performing the specific duty." Specifically, Gwinn argues that Kloeppel assumed a duty of reasonable care to her through its renovation contract with Shenandoah School Corporation. "The existence of a duty is a pure question of law for the court to determine." *Stumpf v. Hagerman Constr. Corp.*, 863 N.E.2d 871, 876 (Ind. Ct. App. 2007), *trans. denied*.

As we recently explained:

The extent of the duty owed, if any, is a matter of contract interpretation. In determining whether a duty exists we will give effect to the intent of the parties as reflected by the language of the contract. We will determine the meaning of the contract by examining all of its provisions, not from a consideration of individual words, phrases, or paragraphs alone. Where the contract affirmatively evinces the parties' intent to charge one party with a duty of care, actionable negligence may be predicated upon that contractual duty. This exception to the general rule of nonliability is not triggered merely because a contractor may have a right to inspect and test the work, approve the work and/or employees of the general contractor or require the contractor to follow company safety rules. Rather, for this exception to apply, a contract must provide for a specific duty of care.

8

*Shawnee*, 962 N.E.2d at 82 (citations omitted).

Gwinn relies primarily on paragraphs 3.3.1 and 3.3.2, appearing under the heading "Supervision and Construction Procedures," of the contract between Kloeppel and Shenandoah School Corporation, which provide in relevant part:

> The Contractor shall supervise and direct the Work, using the Contractor's best skill and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences and procedures and for coordinating all portions of the Work under the Contract, unless the Contract Documents give other specific instructions concerning these matters.

> The Contractor shall be responsible to the Owner for acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons or entities performing portions of the Work for or on behalf of the Contractor or any of its Subcontractors.

Appellant's App. at 231.[5] Gwinn argues that the designated contract language indicates that Kloeppel assumed a specific duty to supervise and direct the renovation work and to be solely responsible for the construction means, methods, and procedures that were executed, including the installation of the projection screen. Gwinn contends that Kloeppel further assumed specific responsibility for the acts and omissions of its subcontractors performing the work.

In support of her claim that Kloeppel assumed a nondelegable duty of care to her pursuant to the contract language cited above, Gwinn was constrained to direct us to various cases involving negligence claims against general contractors brought by injured construction

---

[5] We note that the contract at issue here is "AIA Document A2010-1997," a form agreement drafted by the American Institute of Architects. Appellant's App. at 219-62.

workers in which certain contractual provisions have been held to support a legal duty of care owed to contractor or subcontractor employees. *See, e.g., Stumpf*, 863 N.E.2d at 878 ("The Contractor shall take all necessary precautions for the safety of employees on the work…."); *Harris*, 468 N.E.2d at 1072-73 ("The Contractor shall take all necessary precautions for the safety of all employees on the Project…."); *Jones v. City of Logansport*, 436 N.E.2d 1138, 1148 (Ind. Ct. App. 1982) ("The Contractor shall be solely responsible for initiating, maintaining, and supervising all safety precautions and programs in connection with the Work. He will take all necessary precautions for the safety of, and will provide the necessary protection to prevent damage, injury or loss to: all employees on the Work, including those of subcontractors…."). Indeed, from our review of these cases and other relevant authority, it is apparent that our appellate courts have typically been asked only to determine whether a general contractor assumed a legal duty of care for jobsite-employee safety pursuant to a contract to which it was a party, and that our courts have not been asked whether a general contractor has contractually assumed a duty to a third party.

Regardless of the distinguishing attributes of the cited authority, as a practical matter, it is inconsequential that our reported caselaw on this issue involves jobsite safety claims made by subcontractor employees who were injured or killed on the construction site. Our supreme court has specifically recognized that the five nondelegable-duty exceptions to the general rule regarding general contractor nonliability for subcontractor negligence apply to lawsuits by both employees of the contractor or subcontractor and third parties. *Bagley*, 658 N.E.2d at 587-88. Moreover, although the cases offer us little insight regarding whether the

10

precise contract language involved here supports an assumed duty, the results reached and reasoning offered are indicative of our courts' willingness to apply the exceptions to the general rule and to bind general contractors to the specific duties assumed by contract.

Our review of the designated contract language here indicates that Kloeppel assumed a specific duty to supervise and direct the renovation work and to assure that all construction means, methods, and procedures were executed with reasonable care. Indeed, Kloeppel did not merely have a right to supervise the work of its subcontractors; the contract instructed that Kloeppel "shall" supervise the work and that Kloeppel was "solely responsible" for the construction methods used. As stated earlier, the rationale behind the general rule of nonliability is that a general contractor typically exercises little, if any, control over the means or manner of the work of its subcontractors. *See Shawnee*, 962 N.E.2d at 81. Here, Kloeppel contractually assumed the duty to be "solely responsible for and have control over construction means, methods, techniques, sequences and procedures" of the work. We further conclude that Kloeppel assumed specific responsibility for the acts and omissions, negligent or otherwise, of its subcontractors. We agree with Gwinn's contention that the contract language affirmatively evinces an intent to charge Kloeppel with a specific duty of care. Kloeppel has failed to respond or offer alternative arguments to convince us otherwise.

We conclude that, by virtue of its contract with Shenandoah School Corporation, Kloeppel assumed a duty to supervise the work of its subcontractors and the construction methods employed in a reasonably prudent manner and specifically assumed responsibility for the alleged negligent acts and omissions of its subcontractors. This duty of care was

11

owed to Shenandoah School Corporation through its contract and, due to the broad language used and the lack of language expressly limiting its responsibility, is clearly extended to Gwinn, an employee of the school corporation, as a reasonably foreseeable victim. *See generally Peters*, 804 N.E.2d at 743 (duty of reasonable care owed to those who might reasonably be foreseen as being subject to injury by breach of the duty); *see also Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991) (imposition of duty is limited to those instances where reasonably foreseeable victim is injured by reasonably foreseeable harm); *cf. Hunt Const. Group Inc. v. Garrett*, 964 N.E.2d 222, 229 (Ind. 2012) (finding no contractual duty but noting that parties clearly sought to avoid broad contract interpretation by including clear language limiting liability). We reiterate that, if Kloeppel believed that the weight of the legal authority supports a conclusion that it did not assume a nondelegable duty by contract, then Kloeppel could have and should have addressed such arguments in its appellee's brief and directed any such authority to this Court's attention. Without contradiction from Kloeppel, Gwinn has successfully persuaded us that the trial court's ruling was erroneous.[6]

Kloeppel owed a duty to Gwinn as a matter of law. Accordingly, the trial court erred when it granted summary judgment in favor of Kloeppel and denied partial summary judgment in favor of Gwinn on the issue of duty. Genuine issues of material fact remain on the issues of breach and proximate cause. Therefore, we reverse the trial court's entry of summary judgment and remand for further proceedings consistent with this opinion.

---

[6] Because we reverse, we need not reach Gwinn's additional contention that the trial court abused its discretion in granting Kloeppel's motion to strike portions of the sworn declaration of Perry Neal, as we relied on no portion of the declaration in reaching our decision.

Reversed and remanded.

BAKER, J., and NAJAM, J., concur.