**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

Dec 18 2013, 7:18 am

*[signature]*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY K. FLEMING**
Sarkisian & Fleming, P.C.
Portage, Indiana

ATTORNEYS FOR APPELLEES:

**TERENCE M. AUSTGEN**
**ELIZABETH M. BEZAK**
Burke Costanza & Carberry, LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LYNDA ROLLINS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1307-CT-273 |
| | ) | |
| GRAYCOR CONSTRUCTION COMPANY, INC., | ) | |
| GRAYCOR INDUSTRIAL CONSTRUCTORS, | ) | |
| INC., GRAYCOR INDUSTRIAL | ) | |
| CONSTRUCTORS, LLC, GRAYCOR | ) | |
| CONSTRUCTION COMPANY, LLC, and | ) | |
| GRAYCOR, INC., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-0905-CT-4642

**December 18, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Lynda Rollins appeals the trial court's grant of summary judgment in favor of Graycor Construction Company Inc. ("Graycor") in a personal injury negligence action brought by Rollins.[1]  We affirm.

## Issue

The sole restated issue before us is whether the trial court properly concluded that Graycor owed no duty to Rollins.

## Facts

The undisputed evidence in this case is that Graycor was the general contractor for the construction of a Bass Pro Shops store in Portage.  Graycor hired several independent contractors to perform the construction work.  One of those contractors was Security Industries, Inc. ("Security"), which specializes in constructing fences and related structures.  Graycor did not control the means or manner of how Security performed its work, nor did it supply any equipment, tools, or other instrumentalities for Security's work.  As part of the construction project, Security erected a fence around an outdoor employee break and smoking area behind the Bass Pro Shops store.  Near the fence posts were anchor bolts that protruded a couple of inches from the ground and which were intended to anchor a canopy over the smoking area at some time in the future.

---

[1] Rollins originally also sued four other companies related to Graycor:  Graycor Industrial Contractors Inc., Graycor Industrial Contractors LLC, Graycor Construction Company LLC, and Graycor Inc.  Rollins subsequently conceded that none of these other entities was involved in the construction project that allegedly led to her injury.  The trial court granted summary judgment in favor of these entities, and Rollins makes no argument that it was erroneous to do so.

2

Rollins began working for Bass Pro Shops in January 2007, while the building was still under construction. Construction was completed in February 2007, and the store was opened to the public; at that time, Bass Pro Shops accepted Graycor's work and its responsibility for the store ended. On May 11, 2007, Rollins went outside to the employee break area, as she had been doing approximately three times every work day since beginning her employment. On that day, Rollins tripped over one of the protruding anchor bolts, which was not visible to her because its rusty color blended in with mulch surrounding the bolt. Graycor had not placed the mulch. Rollins fell to the ground and sustained bodily injuries.

Rollins sued Graycor, alleging that it had negligently installed the anchor bolts and caused her fall and resulting injuries. Graycor subsequently moved for summary judgment, designating evidence in part that Security, not Graycor, had actually installed the anchor bolts. The trial court granted summary judgment to Graycor, specifically finding that Graycor owed no duty to Rollins. Rollins now appeals.

**Analysis**

We review a trial court's summary judgment ruling de novo. Miller v. Dobbs, 991 N.E.2d 562, 564 (Ind. 2013). We will affirm a grant of summary judgment "'only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Overton v. Grillo, 896 N.E.2d 499, 502 (Ind. 2008)); see also Ind. Trial Rule 56(C). We must construe all evidence and resolve all doubts in favor of the non-moving party, so as to avoid improperly denying that party's day in court. Id. Under Indiana Trial Rule 56(C), a summary judgment movant must make a prima facie

3

showing that there are no genuine issues of material fact that it is entitled to judgment as a matter of law. Wabash County Young Men's Christian Ass'n, Inc. v. Thompson, 975 N.E.2d 362, 365 (Ind. Ct. App. 2012), trans. denied. If this occurs, the burden shifts to the nonmoving party to designate evidence establishing the existence of a genuine issue of material fact. Id.

To prevail on a negligence claim, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach. Id. Summary judgment is rarely appropriate in negligence cases. Id. "Nevertheless, a defendant is entitled to judgment as a matter of law when the undisputed material facts negate at least one element of the plaintiff's claim." Id.

Absent a duty, a defendant can have no liability in negligence to an injured party. Pfenning v. Lineman, 947 N.E.2d 392, 398 (Ind. 2011). Whether a defendant owed a duty to a particular plaintiff ordinarily is a question of law for courts to decide. Id. In most cases, determining whether a duty exists requires a balancing of: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the injured party; and (3) public policy concerns. Id. (citing Webb v. Jarvis, 575 N.E.2d 992 (Ind. 1991)). However, use of the three-part Webb balancing test to determine whether a duty exists is uncalled-for when the scope and nature of a defendant's duty has already been declared or otherwise articulated. Northern Indiana Pub. Serv. Co. v. Sharp, 790 N.E.2d 462, 465 (Ind. 2003).

Rollins asserts in part that Graycor owed a duty to her under a premises liability theory. "The question of whether a duty is owed in premises liability cases depends

4

primarily upon whether the defendant was in control of the premises when the accident occurred." Yates v. Johnson County Bd. Of Comm'rs, 888 N.E.2d 842, 847 (Ind. Ct. App. 2008). Here, Graycor had relinquished control over the Bass Pro Shops upon completion of construction and opening of the store in February 2007, three months before Rollins's accident occurred.

Rollins also argues that Graycor owed a duty to her as a contractor under our supreme court's holding in Peters v. Forster, 804 N.E.2d 736 (Ind. 2004). In that case, the court overruled Indiana's "acceptance rule," under which contractors owed no duty of care to third parties injured on a property after the property owner accepted the work. Peters, 804 N.E.2d at 742. Instead, the rule now is that "a contractor is liable for injuries or death of third persons after acceptance by the owner where the work is reasonably certain to endanger third parties if negligently completed." Id. Peters, however, concerned a lawsuit filed directly against a contractor who installed an allegedly faulty handicapped ramp. See also Hale v. SS Liquors, Inc., 956 N.E.2d 1189, 1192 (Ind. Ct. App. 2011) (applying Peters in lawsuit filed directly against contractor who performed safety work on hotel tub in which plaintiff slipped and fell).

Graycor, however, did not install the fencing and associated anchor bolts that allegedly caused Rollins's injuries. Instead, Graycor was a general contractor who hired Security to do that work. As such, Graycor's duty was well-defined by a legal doctrine specifically applicable to general contractors; that duty is not governed by Webb, or premises liability principles, or Peters. Specifically, a principal or general contractor of a construction project is not liable for the negligence of an independent subcontractor and

5

does not owe a duty to a party injured by that negligence unless one of five exceptions applies. <u>Helms v. Carmel High School Vocational Bldg. Trades Corp.</u>, 854 N.E.2d 345, 346 (Ind. 2006). Those exceptions are:

> (1)    where the contract requires the performance of intrinsically dangerous work;
>
> (2)    where the principal is by law or contract charged with performing the specific duty;
>
> (3)    where the act will create a nuisance;
>
> (4)    where the act to be performed will probably cause injury to others unless due precaution is taken; and
>
> (5)    where the act to be performed is illegal.

<u>Id.</u> (quoting <u>Bagley v. Insight Commc'ns Co.</u>, 658 N.E.2d 584, 586 (Ind. 1995)). The reason for this rule is the little, if any, control that a general contractor exercises over the work of its subcontractors, and because a general contractor only requires that the subcontractor's completed work meet the specifications of the property owner. <u>England v. Fairfield Contracting, Inc.</u>, 908 N.E.2d 238, 241-42 (Ind. Ct. App. 2008). The rule regarding general contractor liability for subcontractor negligence, and the exceptions to that rule, apply to lawsuits by both employees of the subcontractor and third parties. <u>Bagley</u>, 587-88. As indicated by the decision date in <u>Helms</u> and its reaffirmance of <u>Bagley</u>, <u>Peters</u> did not affect longstanding law regarding the scope of a general contractor's duty with respect to its liability for the negligent work of an independent subcontractor.

Rollins contends that Graycor owed a duty to her with respect to Security's work through the fourth exception to general contractor non-liability: "where the act to be

6

performed will probably cause injury to others unless due precaution is taken . . . ." Helms, 854 N.E.2d at 346. She asserts that Graycor should have foreseen that, if Security negligently permitted anchor bolts to protrude above the ground in the Bass Pro Shops employee break area, someone was at risk of tripping over one of the bolts and sustaining injury. We believe that Rollins's argument improperly blurs the line between ordinary negligence foreseeability and the fourth Helms/Bagley exception, which has been very narrowly construed.

"For this exception to apply, it must be established that the principal, at the time of the contract, should have foreseen that the performance of the work or the conditions under which it was to be performed would, absent precautionary measures, probably cause injury." Walker v. Martin, 887 N.E.2d 125, 136 (Ind. Ct. App. 2008), trans. denied. The foreseeable danger must be substantially similar to the accident producing the injury. Id. Also, "[m]ore than a mere possibility of harm is required; the defendant should have foreseen the probability of such harm." Id. (emphasis added). The risk or danger required to satisfy this exception "must be created by the nature of the work itself, that is, inherent in the project, rather than collateral to that work." Red Roof Inns, Inc. v. Purvis, 691 N.E.2d 1341, 1345 (Ind. Ct. App. 1998), trans. denied.

In Walker, we held this exception did not apply to create a duty toward an injured party on the part of a principal who had hired an independent contractor to haul logs, and who in turn caused a fatal accident. Observing that there was no evidence the principal had any knowledge of the contractor having a poor driving record, or of his vehicle having mechanical problems, or that there was any reason to think the contractor would drive

7

negligently, we ultimately held, "While it may be possible that the act of hauling logs may cause injury unless certain precautions are taken, we cannot say that the act in and of itself establishes that injury will probably occur." Id. at 136-37. In Bagley, the court held the exception did not apply to an incident in which an employee of an independent contractor was injured when another person working on a ladder on ice and snow slipped and fell on top of the employee. The court held, "[a]t the time the contracts were made, the delegated work did not present the peculiar probability that an injury such as Bagley's would result unless precautionary measures were taken . . . ." Bagley, 658 N.E.2d at 588. As a final example, in Red Roof Inns, we observed that "an employer of an independent contractor may always anticipate that, if the contractor is negligent toward third persons, some harm to those persons may result," but this is insufficient to invoke the "due precaution" exception. Red Roof Inns, 691 N.E.2d at 1346. In that case, we held the "due precaution" exception did not apply and the general contractor was not liable with respect to injury to an employee of an independent contractor-roofing company, where the roofing company permitted roofing work to be done without any protective equipment, netting, or harnesses and the employee fell off the roof. Id.

Here, Rollins's argument essentially is that Grayson should have foreseen that if Security was negligent in its work, a third person might be harmed at some point in the future. This clearly is not enough to invoke the fourth Helms/Bagley "due precaution" exception. In fact, it would make an exception to the general rule of non-liability for general contractors for the work of subcontractors that would swallow the rule. There is no evidence that Graycor exercised any control over how or where Security installed the

8

anchor bolts. There is no evidence Security had previously been negligent in installing fences and anchor bolts. There also is nothing inherently dangerous in the installation of fences or persons walking by or near fences. In fact, the employee break area was used by Rollins and others on a regular basis for several months before she tripped over the anchor bolt, when it was partially obscured by mulch that Grayson did not put down. We simply cannot conclude that there was anything inherently dangerous in the nature of the work that Grayson asked Security to perform, such that injury would <u>probably</u> result if due precautions were not taken. As such, the standard rule of non-liability for general contractors with respect to alleged negligent acts of independent subcontractors applies here. Graycor did not owe a duty to Rollins.

**Conclusion**

Because the trial court correctly concluded that Graycor owed no duty to Rollins with respect to her negligence claim, it properly entered summary judgment in favor of Graycor. We affirm.

Affirmed.

ROBB, C.J., and BROWN, J., concur.

9