John HALE, Appellant–Plaintiff,

v.

R.R. DONNELLEY AND SONS and Structures, Inc., a/k/a Midco Construction and Unarco Material Handling, Inc., Appellees–Defendants.

No. 43A03–9909–CV–362

Court of Appeals of Indiana.

June 13, 2000.

Kevin L. Likes, Likes & Kraus, Auburn, Indiana, Attorney for Appellant.

Natalie V. Shrader David Cerven, Burke Costanza & Cuppy, LLP East Chicago, Indiana, Attorneys for Appellees.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE [1]

Appellant–Plaintiff John Hale (Hale) appeals from the trial court's order granting summary judgment in favor of Unarco Material Handling, Inc. (Unarco), because Unarco did not owe a duty to Hale.

We affirm.

### ISSUE

Hale raises two issues [2] for our review, one of which we find dispositive: whether the trial court erred in finding that Unarco did not owe Hale a duty.

### FACTS AND PROCEDURAL HISTORY

The undisputed facts establish that in February 1995, Unarco entered into a contract with R.R. Donnelley & Sons Company (Donnelley) for Unarco to provide "High Bay Storage Racks" to Donnelley. Unarco subcontracted with Structures, Inc. (Structures). Structures agreed to provide all the labor, supervision, equipment and necessary tools to construct and install the storage racks at the Donnelley facility. Structures used the services of Central Temporary Inc. (Central) to employ workers for the construction of the storage system. Hale was one of the workers obtained from Central to construct the storage system. On March 21, 1995, Hale fell while descending the storage system and suffered serious injury. The only Unarco employee present at the work site was a Site Manager responsible for periodic evaluations of the project progression.

On February 26, 1996, Hale filed a complaint for damages against Donnelley and Structures. Thereafter, on September 9, 1996, Hale filed an amended complaint for damages naming Unarco as an additional party. On November 2, 1998, the trial court granted summary judgment in favor of Donnelley. On June 1, 1999, Unarco filed its motion for summary judgment together with designation of materials and memorandum of law in support of the motion. On August 2, 1999, Hale filed a response to Unarco's motion for summary judgment. On August 16, 1999, Unarco filed its reply to Hale's memorandum in response to Unarco's motion for summary judgment and a motion to strike several of Hale's exhibits submitted in support of its response to Unarco's motion for summary judgment. On August 24, 1999, Structures filed a motion to dismiss for lack of subject matter jurisdiction, and the trial court held a hearing on Structures' and Unarco's summary judgment motions. Thereafter, on August 25, 1999, the trial court entered its order striking Hale's exhibits and granting Unarco's motion for summary judgment. Hale's present appeal involves only the trial court order with respect to Unarco.

### DISCUSSION & DECISION

#### Standard of Review

 Summary judgment is appropriate where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C). Our standard of review is well established. Although Hale, the non-moving party, has the burden of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied

---

1. We heard oral argument on May 3, 2000.

2. Hale raises a second issue that the trial court erred in striking the response of Structures to Hale's request for production of documents, including IOSHA safety orders and

settlement documents designated in Hale's response to Unarco's motion for summary judgment. However, because we find that Unarco did not owe a duty to Hale, this issue is dispositive of the case, and Hale's second issue is moot.

his day in court. *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 280–81 (Ind.1994). On summary judgment, all facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party. *Wright v. Carter*, 622 N.E.2d 170, 171 (Ind.1993). To recover under a theory of negligence, Hale must show three things: (1) Unarco owed a duty of care to Hale at the time he was injured; (2) Unarco failed to conform its conduct to that standard of care; and (3) damages were proximately caused to Hale by the breach. *Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind.1991). Because the trial court granted summary judgment on the first element of negligence—duty—we address only that issue. The issue of whether there is a legal duty owed by one party to another in a negligence action is a pure question of law. *Williams v. R.H. Marlin, Inc.*, 656 N.E.2d 1145, 1155 (Ind.Ct.App. 1995).

### Duty

Hale argues that Unarco, as the general contractor, owed him a duty as an employee of Structures, the independent contractor. Specifically, Hale contends that the duty arises from the language of the contract between Unarco and Donnelley, indicating that Unarco intended to assume a "project-wide duty" of care to employees of independent contractors. Essentially, Hale argues that he is a third party beneficiary to the contract between Unarco and Donnelley.

In Indiana, the long-standing general rule has been that a principal is not liable for the negligence of an independent contractor. *Bagley v. Insight Communications Co., L.P.*, 658 N.E.2d 584, 586 (Ind. 1995); *Prest–O–Lite Co. v. Skeel*, 182 Ind. 593, 597, 106 N.E. 365, 367 (1914); *City of Logansport v. Dick*, 70 Ind. 65, 78, 1880 WL 6175 (1880). However, five exceptions

to this rule have been recognized. The exceptions are: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Bagley*, 658 N.E.2d at 586.

■ Hale argues that the second exception applies to this case. Specifically, Hale contends that pursuant to the contract between Unarco and Donnelley, Unarco agreed to a project wide duty of providing a safe working environment, and that this duty required Unarco to assure that the subcontractors complied with required safety procedures and regulations. Hale, in his argument, relies on the following contractual language from the "Equipment Purchase Agreement by and Between R.R. Donnelley & Sons Company . . . and Unarco Material Handling . . .": (R. 392).[3]

Q. INSTALLATION

\* \* \* \* \* \* \*

Unarco shall provide the services of an experienced, qualified installer. The installer shall unpack, install, startup, operate and give instructions in the operation of the EQUIPMENT.

6. RULES OF WORK

Unarco agrees that, while its personnel are on R.R. Donnelley premises, they will abide by R.R. Donnelley's normal rules of work and its standard practice governing behavior of its own employees. . . . Also, Unarco agrees to require such personnel to work in a manner which will comply with the Occupational Safety and Health Act of 1970.

(R. 400–401).[4]

Thus, Hale argues that this portion of the contract indicates that Unarco agreed

---

**3.** The contract between Unarco and Donnelley appears in the Record at several locations. For simplicity sake, we will cite to the contract as it appears in Unarco's designation of evidence supporting its motion for summary judgment.

**4.** Although Hale does not directly quote any portions of the contract in his appellate brief, his argument indicates a reliance on this portion of the contract.

to require all personnel to work in a manner that complied with the Occupational Safety and Health Act of 1970. In addition, Hale contends that Donnelley believed that Unarco had the duty to assure that all subcontractors and their employees comply with all safety regulations. Specifically, Hale cites to Donnelley's answers to his first set of interrogatories. One interrogatory asked Donnelley to provide each and every fact upon which it made the claim that Hale's injuries and damages were proximately caused in full or in part by Unarco, to which Donnelley replied:

> Defendant [Donnelley] entered into a contract for the purchase of a product with Unarco.... Said contract provided, *inter alia,* for Unarco ... to insure compliance of its employees or agents with the Occupational Safety and Health Act of 1970. Defendant, therefore, believes that [Unarco] was charged with the duty of preventing injury to the Plaintiff [Hale], and that any of the Plaintiff's alleged damages were the proximate result of [Unarco's] breach of this or other duties owed by [Unarco] to the Plaintiff.

(R. 475).

In response, Unarco argues that it is not responsible for the negligence of Structures, as an independent contractor, and the contract does not indicate that it assumed a duty to assure Hale's safety. Unarco does not dispute the fact that Structures, as the subcontractor, failed to comply with safety regulations. However, Unarco argues that the contractual language does not state that it agreed to require anyone other than its own personnel to comply with safety regulations; and Hale was an employee of Structures and not a Unarco employee or Unarco personnel.

Furthermore, Unarco contends that Donnelley's interpretation of the contractual language is of no consequence to the determination of whether Unarco owed Hale a duty pursuant to the contract because the contract speaks for itself. Spe-

cifically, Unarco argues that Donnelley mistakenly assumed that Hale was an employee or agent of Unarco, and since he was not an employee or agent, Unarco's duty does not extend to Hale because Unarco is not responsible for an independent contractor's negligent acts or omissions.

■ In order to determine whether a party is charged with a duty of care under a contract, we look to the contract as a whole by examining all of the provisions. *Collins v. J.A. House, Inc.,* 705 N.E.2d 568, 575 (Ind.Ct.App.1999), *trans. denied; See also Perryman v. Huber, Hunt & Nichols, Inc.,* 628 N.E.2d 1240, 1244 (Ind. Ct.App.1994), *trans. denied* (The meaning of a contract is determined by "examining all of its provisions, not from a consideration of individual words, phrases, or paragraphs alone."). Whether a duty exists and the extent of the duty owed is a matter of contract interpretation, and we determine the intent of the parties as determined by the language of the contract. *Collins,* 705 N.E.2d at 575. If a contract affirmatively evinces an intent to assume a duty of care, actionable negligence may be predicated upon the contractual duty. *Williams,* 656 N.E.2d at 1155. Therefore, we must analyze the contract itself as a whole instead of examining individual paragraphs or Donnelley's interpretation of the contractual language to determine whether Unarco owed Hale a duty of care pursuant to the contract.

A plain reading of the contract language indicates that Unarco did not intend to assume a duty of care for the entire project work site, including Hale. The contract affirmatively reflects an intent for Unarco to assume a duty of care for its own employees and its own personnel, and not the employees or personnel of any subcontractors at the work site. Further, the contract is an equipment purchase agreement between Unarco and Donnelley, for Unarco to design, manufacture, sell and warrant the "High Bay Storage Racks" to Donnelley, and does not contain an affirmative duty for Unarco to assume a

project wide duty while Structures assembled the racks at the Donnelley work site.

Next, Unarco argues that Hale's contention that he is a third party beneficiary to the contract between Unarco and Donnelley is simply misplaced. Hale claims that Unarco owed him a duty as a third party beneficiary to the contract between Unarco and Donnelley because the contract imposes a duty on Unarco to assure that the worksite was safe for Hale. However, Unarco argues that the terms of the contract do not show any intention by Unarco and Donnelley to impose a duty on Unarco to assure that the worksite was safe for anyone other than its own employees.

 Third-party beneficiaries may directly enforce a contract. *Gilliana v. Paniaguas,* 708 N.E.2d 895 (Ind.Ct.App. 1999), *trans. denied.* A third party beneficiary contract exists when: (1) the parties intend to benefit the third party, (2) the contract imposes a duty on one of the parties in favor of the third party, and (3) the performance of the terms of the contract renders a direct benefit to the third party intended by the parties to the contract. *Id.* at 898. Thus, Unarco contends that Hale is not a third party beneficiary to the contract because the contract between Unarco and Donnelley does not impose a duty or intention to benefit Hale.

Additionally, Unarco asserts that the contractual language reveals that it agreed only to require its own personnel to abide by Donnelley's work rules and that its own personnel comply with OSHA safety regulations, but it did not agree to assure that everyone else on the worksite would comply with the OSHA safety regulations and Donnelley's work rules. Furthermore, neither Hale nor Structures were Unarco's employees or personnel. Thus, Unarco argues that its duty under the contract did not extend beyond assuring that its own personnel complied with the OSHA safety regulations and Donnelley's work rules. We agree.

We determine as a matter of law that Hale was not an employee or the personnel of Unarco. Therefore, Unarco did not owe Hale a duty of care under the contract, and Hale was not a third party beneficiary to the contract between Unarco and Donnelley.

## CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Unarco. We determine that there are no issues of material fact as to whether Hale was an employee or personnel of Unarco. Further, the contract as a whole does not reflect an intent for Unarco to assume a duty of care to Hale as an employee of a subcontractor. Thus, Unarco did not owe Hale a duty of care.

Affirmed.

BAKER, J., and KIRSCH, J., concur.